# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WALTER D. JENKINS,** | ) |
| Plaintiff, | ) Case No. 7:22CV00186 |
| v. | ) **OPINION AND ORDER** |
| **D. CRAIG,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Walter D. Jenkins, Pro Se Plaintiff; Laura H. Cahill, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendant D. Craig.*

The plaintiff, Walter D. Jenkins, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that a correctional officer, defendant D. Craig, used excessive force against him on January 17, 2022. After review of the record, I conclude that the defendant's Motion for Summary Judgment must be granted on the ground that Jenkins failed to exhaust available administrative remedies before filing this action.

I.   BACKGROUND.

Since August 7, 2020, Jenkins has been incarcerated at Pocahontas State Correctional Center (Pocahontas), a facility operated by the Virginia Department of Corrections (VDOC). In his Complaint and attached documents, Jenkins alleges that on January 17, 2022, officers Fuller and Craig conspired to use excessive force

against him when Craig choked him using both hands while he was seated and handcuffed. Jenkins alleges that he underwent a neck X ray on February 23, 2022. Results from that procedure, received March 10, 2022, allegedly showed muscle damage to the right side of Jenkins' neck.

Jenkins filed his § 1983 Complaint in April 2022 against Fuller and Craig, seeking monetary damages. After the court could not accomplish service upon Fuller, and Jenkins also failed to serve this defendant, I dismissed all claims against Fuller without prejudice. Craig has filed a Motion for Summary Judgment arguing that Jenkins failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) before filing this lawsuit. In support of his motion, Craig submits an affidavit by C. Smalling, the Institutional Ombudsman at Pocahontas, Mem. Supp. Summ. J. Smalling Aff., ECF No. 53-1. Jenkins has responded to the motion, making it ripe for consideration.

## II.   Discussion.

### A. Standards of Review.

The Federal Rules of Civil Procedure provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and justifiable inferences in the light most favorable to the nonmoving party.

To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. This exhaustion requirement is "mandatory," *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure. *Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006). Even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, exhaust properly all available remedies under that procedure before bringing a civil action in this court. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

### B. VDOC Grievance Procedures.

Operating Procedure (OP) 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Smalling Aff. & Encl. A, ECF No. 53-1. All issues are grievable except disciplinary proceedings and matters outside the control of the VDOC. Under OP 866.1, an inmate with a grievance about some event or issue must first make a good faith effort

to resolve his concerns informally, which he may do by completing a Written Complaint form and submitting it to prison staff. He should receive a written response on the bottom of the Written Complaint form within fifteen days, to allow him to initiate the formal grievance procedure by filing a Regular Grievance (with the Written Complaint form or any other relevant documentation attached). If fifteen days have passed without a staff response to the Written Complaint, the inmate may submit a Regular Grievance.

A Regular Grievance must be filed within thirty days of the occurrence about which it complains. It is stamped and considered received when it is date-stamped on the working day it is received by the prison's grievance department. If a Regular Grievance does not comply with the filing requirements of OP 866.1, it will be rejected at intake and returned to the inmate within two working days from the date of receipt. The respondent will note on the back of the form the reason for rejection (expired filing period, more than one issue raised, request for services, etc.). The respondent will also instruct the inmate how to remedy any problems with the grievance if feasible so that he can correct the issue and resubmit the Regular Grievance. If the inmate disagrees with the intake decision, he may send the Regular Grievance to the Regional Ombudsman for review of that decision. There is no further appeal of an intake decision, and an appeal of the intake decision does not satisfy the exhaustion requirement.

Once the Regular Grievance is accepted at intake, the warden or his designee will investigate the complaint it contains and send the inmate a Level I response. If the responding official determines the grievance to be unfounded, the inmate has five days to submit the Regular Grievance and attachments on appeal to Level II, an appropriate VDOC official such as the Regional Administrator or other administrator, depending on subject matter. In most cases, this Level II review is the final available level of appeal. For full exhaustion, the inmate must submit his claim via an Informal Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

B.  Jenkins's Administrative Remedy Records.

Normal procedures at each VDOC facility include orientation to the grievance procedures for newly received or transferred inmates. A review of Pocahontas administrative remedy records reflects that Jenkins did not properly exhaust his administrative remedies concerning his claims in this action. While he filed a Written Complaint form and a Regular Grievance about his accusations of defendant Craig, his Regular Grievance was not accepted for intake or appealed to the highest available level.

Specifically, on January 17, 2022, Jenkins filed a Written Complaint (Log #PSCC-22-INF-00061), complaining that Officer Craig choked his neck with both hands on January 17, 2022. The Pocahontas Grievance Department received this

form on January 18, 2022.  On January 27, 2022, Investigator H. Johnson responded that he would look into Jenkins's allegations and interview him soon.  Smalling Aff. ¶ 13, Encl. B, ECF No. 53-1.

On February 4, 2022, Jenkins submitted a Regular Grievance asserting that on January 17, 2022, Craig put both hands around his neck and choked him unconscious while he was seated with his hands cuffed behind his back, lifting him up out of the chair.  *Id.* Encl. C.  Smalling rejected the Regular Grievance on February 7, 2022, because Jenkins failed to attach documentation of his Written Complaint process. The grievance file documentation does not indicate that Jenkins appealed Smalling's intake rejection of the Regular Grievance about Craig's action within five calendar days, or that he resubmitted the Regular Grievance with the proper attachments. Jenkins has not disputed the accuracy of the administrative records on which the defendant relies.

The defendant bears the burden of proving the affirmative defense that Jenkins failed to exhaust available administrative remedies regarding his claims before filing suit.  *Jones* v. Brook, 549 U.S. 199, 216 (2007).  Craig has done so.  From the undisputed evidence of Jenkins' recorded grievance filings, it is clear that Jenkins did not properly file and have recorded any Regular Grievance about Craig's alleged use of force on January 17, 2022.  Thus, Jenkins failed to fulfill the first step in the VDOC procedure requirements.

Jenkins could survive summary judgment for failure to exhaust if he shows that the remedies under the established grievance procedures were not "available" to him. *Ross v. Blake*, 578 U.S. at 641–45. An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Jenkins makes no such showing. Rather, he admits that his Regular Grievance was rejected at intake because he did not provide the proper attachments.

Based on the record before me, I conclude that Jenkins has failed to present a genuine issue of material fact on which he could persuade a fact finder that he properly exhausted administrative remedies or that such remedies were unavailable to him at Pocahontas in the months after the January 17, 2022, incident at issue in this case. Therefore, I conclude that Jenkins' lawsuit is barred under 42 U.S.C. § 1997e(a) because he did not properly exhaust administrative remedies before filing the case, and that the defendant is thus entitled to summary judgment on that ground as a matter of law. I also find no indication from the VDOC grievance procedure in the record that Jenkins could now pursue and exhaust administrative remedies about the defendant's alleged violation of his constitutional rights on January 17, 2022. Accordingly, I will dismiss Jenkins' § 1983 claim with prejudice.

III. CONCLUSION.

For the stated reasons, it is **ORDERED** that the defendant's Motion for Summary Judgment, ECF No. 52, is GRANTED, and Jenkins' § 1983 action is DISMISSED WITH PREJUDICE.

A separate Judgment will enter herewith.

ENTER: July 5, 2023

/s/ JAMES P. JONES
Senior United States District Judge